**MURPHY v. OVERLAKES FREIGHT CORPORATION (two cases).**
No. 23, Docket 21352.
Civ. Nos. 38-412, 46-190.

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1949.

Decided Oct. 28, 1949.

Benjamin B. Sterling, New York City (S. Eldridge Sampliner, Cleveland, Ohio, of counsel), for plaintiff.

Barry, Wainwright, Thacher & Symmers, New York City, and Russell V. Bleecker, Cleveland, Ohio (Russell V. Bleecker, Cleveland, Ohio, Joseph M. Brush, New York City, and Samuel R. Dorrance, Noroton, Conn., of counsel), for defendant.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. At the trial, the parties stipulated that Murphy, when he "entered the employ of the defendant aboard this vessel, the S.S. Sultana, was suffering from tuberculosis."[1] Accordingly, defendant could be held liable solely for aggravation of that ailment. Defendant argues that, as the complaint did not allege aggravation, the trial judge should have directed a verdict for defendant. We do not agree. The complaint said that "Murphy had contracted or developed" the disease; and the defendant in its answer specifically denied that its conduct had "aggravated" Murphy's ailment, if any. And, all else aside, defendant was at most entitled to an adjournment for surprise when plaintiff offered evidence of aggravation; but—although defendant objected to the reception of such evidence because of surprise—defendant did not request such an adjournment.

2. The trial judge, without objection by the defendant, submitted to the jury this special interrogatory: "Was the plaintiff's decedent suffering with an active advanced case of pulmonary tuberculosis when he entered the employ of the defendant on May 31, 1945?" Defendant argues that the trial judge erred in asking that question because, as previously noted, the parties had stipulated that at the time of thus entering defendant's employ, Murphy "was suffering from tuberculosis." But defendant, by failing to object, waived the error, if any, in asking the question.

[1]. The stipulation added: "However, it is the contention of the plaintiff that the decedent had no knowledge of such illness."

344

3. Defendant, having made the appropriate motions in the trial court, contends that the evidence is insufficient to support the verdict. We do not agree. There was the following testimony which the jury could reasonably have believed: Murphy was required to share quarters with three other seamen; these quarters were so small that not more than one of the four men could stand at a time; these quarters were cold and damp; there was no outside ventilation to the open air but only an opening in the ceiling to allow for passage of steam equipment from the bridge to the steering apparatus, and a draft came through that opening from the deck above; any of the four men, in order to go to the toilet, had to cross the fantail which was always covered with water in such a way as to wet the man's feet; the blankets were wet, were changed but once a year; the quarters were always cold. True, some three months before the ship employed Murphy, defendant had received a Coast Guard Annual Certificate of Inspection, made pursuant to 46 U.S. C.A. § 660a; but that certificate was not conclusive on the issue of fact as to the ship's condition.[2]

4. Defendant in its answer set up as a defense that Murphy's illness, if any, existed before his employment on defendant's vessel, and that Murphy failed to disclose that fact when he then entered defendant's employ. Some courts have recognized such a defense in suits for wages or for maintenance and cure.[3] Whether such a defense is open in a suit like this,[4] we need not decide, for these reasons: (a) Assuming, arguendo, such a defense to be valid, defendant had the burden of proof. (b) The trial judge submitted to the jury the following special interrogatory: "Did the decedent know at the time he entered the service aboard the Sultana that he was suffering from active pulmonary tuberculosis?" There was evidence which would reasonaby have supported an answer either way. But eight jurors answered No, and four jurors gave no answer because (so the Foreman reported) "they were undecided and couldn't make up their minds." This answer was the equivalent of a statement that the defendant had not persuaded the entire jury that Murphy was aware of his illness. The defendant therefore did not discharge its burden of proof as to this defense.

Affirmed.

2. Rey v. Colonial Navigation Co., 2 Cir., 116 F.2d 580, differs in several respects. Among other things, in the Rey case there was but slight evidence to offset the uncontradicted testimony that the ventilation was about the same as in the average run of vessels of the same class, and the dampness alone was not shown to be a vital factor in bringing on the disease.

3. See, e.g., Tawada v. United States, 9 Cir., 162 F.2d 165 (C.A.9).

4. That such an action is not based on a contractual relation, see Cannella v. Lykes Bros. S. Co., 2 Cir., 174 F.2d 794, 798, cert. den. Oct. 24, 1949; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099.